WALES HENRY DUNHAM, Respondent, v. HARTLEY H. PARMENTER, Appellant.

*Change of place of trial — convenience of witnesses — stipulation to take evidence by depositions.*

In an action, brought in New York county, to recover the value of a quantity of personal property alleged to have belonged to a decedent, residing in Clinton county, at the time of his death, and to have been converted by the defendant, where all the transactions out of which the alleged cause of action arose occurred in Clinton county, a motion was made by the defendant to change the place of trial to Clinton county, on the ground of the convenience of witnesses. The plaintiff swore to six material witnesses residing in New York city, and the motion was denied.

*Held*, that the defendant made out a case for a change of venue from New York to Clinton county;

That the motion should have been granted upon condition that the defendant stipulated that the evidence of the witnesses residing in New York city be taken (if the plaintiff so elected) by deposition.

APPEAL by the defendant, Hartley H. Parmenter, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the city and county of New York on the 4th day of October, 1893, denying the defendant's motion to change the place of trial of this action from New York county to Clinton county, on the ground of the convenience of the defendant's witnesses.

The action was brought by the plaintiff, as only heir and next of kin of one George D. Dunham, deceased, to recover the value of personal property worth $565.20, alleged to have belonged to said George D. Dunham at the time of his death, and to have been converted by defendant.

The answer was a denial of the conversion.

The articles alleged to have been converted were over fifty in number, and were enumerated in a bill of particulars served with the complaint.

George D. Dunham, the father of the plaintiff, and under whom he claims the property alleged to have been converted, died at Plattsburgh, N. Y., on the 29th day of November, 1891, where he had resided for many years prior to his death. All the transactions involved in this case, including the transfers of the various articles of property alleged to have been converted, and all proceedings in relation to the settlement of the estate of George D. Dunham, took place at Plattsburgh, Clinton county, and the property itself was there.

The defendant resides in Clinton county, and the plaintiff himself resided in that county and an adjoining county during the time that the estate of his father was being administered, and until the final accounting and discharge of the administrator, and then, a few months before this action was brought, went to New York.

*Sheddon & Booth*, for the appellant.

*J. George Flammer*, for the respondent.

PER CURIAM:

The transactions out of which the alleged cause of action arise all occurred in the county of Clinton. The defendant makes out a case for a change of place of trial. But the plaintiff testifies to six witnesses residing in the county of New York, whose evidence he regards as material to establish his cause of action. Considering the nature of the action, the place where the transactions occurred, the possibility of an earlier trial and the materiality of the testimony of the greater number of witnesses, we think the motion should have been granted upon condition that the defendant stipulate that the evidence of the witnesses residing in this city be taken (if the plaintiff so elects) by deposition, to be used on the trial with the same force and effect as though they were produced and sworn.

Order reversed and motion granted, provided the defendant gives the stipulation to take the testimony of the witnesses residing in

New York county on deposition, without costs to either party. Upon failure to make the stipulation the order is affirmed, with costs.

Present — VAN BRUNT, P. J., O'BRIEN and FOLLETT, JJ.

Order reversed and motion granted, without costs to either party, on conditions stated in opinion.